IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA HANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1146-HE |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Jessica Hanson (Plaintiff) seeks judicial review of Defendant Acting Commissioner Carolyn W. Colvin's (Commissioner) final decision denying Plaintiff's application for supplemental security income under the Social Security Act, and under 42 U.S.C. § 405(g). Chief United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends the court affirm the Commissioner's decision.

**I.  Background and administrative proceedings.**

Plaintiff filed applications for disability insurance benefits and supplemental security income in January and April, 2012, alleging she

became disabled on January 1, 1999. AR 136, 140. The Social Security Administration ("SSA") denied Plaintiff's disability insurance benefits application on grounds she had "not worked long enough under Social Security." *Id.* at 69. Plaintiff then proceeded with her supplemental security income application, and amended her alleged onset date to December 30, 2011. *Id.* at 34 (Plaintiff's attorney acknowledging it was "an SSI claim" with an amended onset date), 173. The SSA denied Plaintiff's claim, and at her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 31-44. In his July 2014 decision, the ALJ found Plaintiff is not disabled within the Social Security Act's meaning. *Id.* at 17-26. The Appeals Council declined review, *id.* at 1-4, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability within the meaning of the Social Security Act.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

### III. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found Plaintiff: (1) has severe "depression; posttraumatic stress disorder, and history of alcohol and drug abuse"; (2) has the residual functional capacity (RFC)[1] to perform a full range of exertional work but can perform only "simple (SVP 2) work" and "must work in relative isolation with limited contact with coworkers and the general public"; and (3) can perform work in the national economy. AR 19-25; *see also* 20 C.F.R. § 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

### IV. Plaintiff's claims.

Plaintiff raises essentially three challenges to the ALJ's decision. First, Plaintiff alleges the ALJ erroneously used a non-specific qualifying term in her RFC assessment. Doc. 17, at 2-5. Second, Plaintiff alleges the ALJ "cherry-picked" the record when he gave great weight to the State agency psychologists' opinions but ignored their finding she has moderate limitations in maintaining social functioning, concentration, persistence, or pace. *Id.* at 5-9; Doc. 25, at 7. Third and finally, Plaintiff alleges the ALJ's finding she can do "SVP 2" work does not properly account for her moderate limitations,

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945 (a)(1).

3

and in turn, led to an improper hypothetical question to the vocational expert ("VE"). Doc. 17, at 7-9.[2]

## V.  Standard for review.

This Court's review is limited to whether "'substantial evidence'" supports the ALJ's factual findings and whether the ALJ applied "'the correct legal standards.'" *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation omitted). As the Tenth Circuit has cautioned, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

## VI.  Analysis.

The undersigned recommends the court affirm the Commissioner's decision.

### A.  The ALJ's alleged use of a non-specific qualifying term.

The ALJ found Plaintiff must work "in relative isolation with limited contact with coworkers and the general public." AR 20. Plaintiff alleges the term "in relative isolation" is too non-specific and the ALJ did not sufficiently explain its meaning to the VE. Doc. 17, at 2. Plaintiff also believes the term

---

[2]  In her reply brief, Plaintiff alleged for the first time "the ALJ's failure to articulate a proper review of the pertinent medical evidence of record (MER) leaves his opinion failing the substantial evidence standard." Doc. 25, at 3-4. Courts "generally do not consider issues raised for the first time in a[] . . . reply brief." *Simmons v. Colvin*, 635 F. App'x 512, 514 n.2 (10th Cir. 2015). So, the undersigned has not addressed this argument.

is "too subjective for this Court to determine without remand . . . ." *Id.* The undersigned disagrees.

Notably, the undersigned finds no case where either the Tenth Circuit or this Court has held the term "in relative isolation" is too non-specific to express a work-related function in an RFC. And, ALJs have often used the term "in relative isolation" in RFC assessments. *See, e.g., Rose v. Colvin*, 634 F. App'x 632, 636 (10th Cir. 2015) (Plaintiff "must work in a relatively isolated environment."); *Shelton v. Colvin,* 2015 WL 5569024, at *1 (W.D. Okla. Aug, 24, 2015) (unpublished report and recommendation), *aff'd,* 2015 WL 5579803 (W.D. Okla. Sept. 22, 2015) (unpublished order), *appeal filed*, No. 15-6220 (10th Cir. Nov. 23, 2015); *Phillips v. Colvin*, No. CIV-14-264-L, 2015 WL 1227837, at *1 (W.D. Okla. Mar. 17, 2015) (unpublished order); *Jackson v. Colvin*, No. CIV-14-141-STE, 2015 WL 1143579, at *1 (W.D. Okla. Mar. 13, 2015) (unpublished order). More importantly, the undersigned finds the ALJ sufficiently defined "in relative isolation" as "limited contact with coworkers and the general public." AR 20.[3] Plaintiff appears to concede that such a description is sufficient, Doc. 25, at 6 (arguing the ALJ "could have

---

[3] Plaintiff argues the court could interpret "in relative isolation" as meaning "in 'physical isolation from others,'" and then, based on that interpretation, seeks reversal. Doc. 17, at 3-4. But the ALJ clearly defined "in relative isolation" as "limited contact with coworkers and the general public"; so, the undersigned does not address Plaintiff's alternative argument.

5

said *superficial*, or even *no contact* with the public, coworkers or supervisors"), and the undersigned finds no basis for reversing on this ground.

### B. The ALJ's alleged "cherry-picking."

An ALJ must consider all the relevant evidence, and must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). To that end, an ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Plaintiff alleges the ALJ did just that, giving great weight to the State agency psychologists' opinions but ignoring their finding she has moderate limitations in maintaining social functioning, concentration, persistence, or pace. Doc. 17, at 5-9. The undersigned recommends the court affirm on this argument.

A State agency psychologist completed a Mental Residual Functional Capacity Assessment ("MRFCA") form and, in relevant part, noted Plaintiff is moderately limited in her ability to "get along with coworkers or peers" and to "maintain attention and concentration for extended periods." AR 53, 54. When asked to "[e]xplain in narrative form," the psychologist opined

6

"[Plaintiff] can relate to supervisors and coworkers on a superficial work basis," and "can perform simple tasks with routine supervision." *Id.* In sum, the psychologist opined "[Plaintiff] retains the mental capacity to perform simple work." *Id.* at 50. A second State agency psychologist found similarly. *Id.* at 64. About these opinions, the ALJ wrote:

> The [ALJ] considered and afforded great weight to the State agency psychologist appearing at Exhibit 2A, who found that the [Plaintiff] had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. The State agency psychologist assessed that the [Plaintiff] could perform simple tasks with routine supervision. She can relate to supervisors and coworkers on a superficial work basis, but she cannot interact/relate with the general public (Exhibits 2A). These opinions and assessments were affirmed by a second State agency psychologist at Exhibit 4A. Such opinions are consistent with evidence of record, including the [Plaintiff's] abilities and activities as discussed above, and the findings of the [ALJ].

*Id.* at 24.

Based on the MRFCA forms, Plaintiff argues the ALJ rejected her moderate difficulties in social functioning, concentration, persistence, or pace. Doc. 17, at 5-6.[4] But the undersigned believes Plaintiff misreads the ALJ's

---

[4]  In her reply brief, Plaintiff challenges for the first time the ALJ's finding she can have limited contact with coworkers and the general public, because the State agency psychologists found she has "'markedly limited'" abilities in interacting with the general public. Doc. 25, at 8-9 (citing AR 54). Plaintiff did not raise this argument in her opening brief, and the court need not address it. *See supra* n.2. Furthermore, the undersigned finds any error

7

opinion. Reading the opinion with common sense, the ALJ did not *reject* the moderate limitations; instead, he adopted the State agency psychologists' opinions that *with moderate limitations*, Plaintiff can perform only simple work and can only relate to supervisors and coworkers on a limited basis. *See, e.g.*, *Jaramillo v. Colvin*, 576 F. App'x 870, 874 (10th Cir. 2014) (holding because "the ALJ expressly placed great weight on the opinions of Dr. Mellon and Dr. Wynne, summarized Dr. Walker's Section III narrative, and concurred in the consultants' opinions[,]" "we read the restriction to simple, routine, repetitive, and unskilled tasks as the ALJ's attempt to incorporate the limitations found by all three consultants rather than as [his ignoring the moderate limitations]"). Further, the ALJ had no duty to expressly incorporate the specific moderate limitations from the MRCFA forms into Plaintiff's RFC, because the psychologists translated those findings into their narratives, which again, the ALJ adopted. *See Smith v. Colvin*, __ F.3d __, No. 15-1224, 2016 WL 2620519, at *3-4 (10th Cir. May 9, 2016) (finding no

---

to be harmless, as the three jobs the VE testified Plaintiff can perform do not require contact with the general public. *See* AR 26, 42 (finding Plaintiff can work as a dishwasher, DOT 318.687-010 (noting under "people," "not significant"); janitor, DOT 381.687-018 (same); and laundry worker, DOT 361.685-018 (same)); *see also Duncan v. Colvin*, 608 F. App'x 566, 577 (10th Cir. 2015) ("We agree that the . . . hypothetical question to the VE did not include the limitation to 'superficial contact with coworkers, supervisors, and the public.' We conclude the omission does not require reversal, however, because any error was harmless . . . ." as the jobs the VE identified "indicate that contact with people is rather limited.") (citation omitted).

error where the ALJ "had incorporated the moderate limitations in the course of assessing the claimant's [RFC]" without expressly describing the moderate limitations) (citing *Lee v. Colvin*, 631 F. App'x 538, 541 (10th Cir. 2015) ("Having adopted the limitations described in [the psychologist's narrative] section . . . of the MRFCA, the ALJ was not also required to specifically adopt or discuss each individual limitation described in [the previous] section . . . .")). Substantial evidence supports the ALJ's conclusion.

### C. The ALJ's reference to a SVP 2 work level.

Finally, Plaintiff alleges the ALJ's limiting her to SVP 2 work did not properly account for her moderate limitations in concentration, persistence, or pace, Doc. 17, at 7-9, and in turn, "[t]he limitation to SVP 2 or unskilled tasks the ALJ included in his hypothetical to the VE did not clearly relate the moderate impairments the agency doctor's found." *Id.* at 9. The undersigned again disagrees.

Per the State Agency psychologists' opinions, the ALJ limited Plaintiff to "simple (SVP 2) work." AR 20. SVP 2 work is considered "unskilled" and generally requires only the ability to: (1) understand, remember, and carry out simple instructions; (2) make judgments commensurate with the functions of unskilled work, i.e., simple work-related decisions; (3) respond appropriately to supervision, co-workers and usual work situations; and (4)

9

deal with changes in a routine work setting. *See Vigil*, 805 F.3d at 1204. The ALJ's limiting Plaintiff to SVP 2 work (with the additional restriction to limited contact with coworkers and the general public) properly accounted for her moderate limitations in concentration, persistence, or pace. *See id.* ("conclud[ing] that limiting the plaintiff to an SVP of only one or two[] adequately took into account his moderate limitations in concentration, persistence, and pace"); *Richards v. Colvin*, __ F. App'x __, No. 15-1621, 2016 WL 556745, at *3 (10th Cir. Feb. 12, 2016) (noting moderate problems with social functioning and concentration, persistence, or pace can be "adequately account[ed] for" with "a limitation to 'unskilled work'"). The ALJ's hypothetical question to the VE was proper. *See Richards*, 2016 WL 556745, at *6 (rejecting plaintiff's challenge to the hypothetical question to the VE because plaintiff "has not demonstrated any error in her RFC" and "[a] hypothetical question is sufficient if 'it contained all of the limitations found to exist by the ALJ'" (citation omitted)); *see also Berumen v. Colvin*, No. 13-cv-02722-MJW, 2015 WL 1138488, at *9 (D. Colo. Mar. 11, 2015) (unpublished order) (rejecting plaintiff's challenge to the hypothetical question stating: "[t]he VE here was not told that the hypothetical person has deficits in [concentration, persistence, or pace]; the VE instead was only told that plaintiff can perform unskilled work (SVP 1–2)" because the SVP 2 properly

10

accounted for plaintiff's limitation and RFC assessment), *aff'd*, __ F. App'x __, 2016 WL 519381 (10th Cir. 2016). Substantial evidence supports the ALJ's conclusion.

**VII. Recommendation and notice of right to object**

Based on the foregoing, the undersigned recommends the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 30th day of June, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of June, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE