# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-1146-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| acting Commissioner Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Jessica Hanson filed this action seeking judicial review of the final decision of defendant Commissioner of the Social Security Administration ("Commissioner"), denying her application for supplemental security income ("SSI"). Consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed.R.Civ.P. 72(b), the case was referred to Magistrate Judge Suzanne Mitchell, who recommends that the Commissioner's decision be affirmed.

Plaintiff initially applied for both disability insurance benefits and supplemental security income in 2012, alleging she became disabled on January 1, 1999. After the Social Security Administration determined she did not qualify for disability benefits because she had not worked for the requisite period of time, plaintiff proceeded with her application for SSI, amending her alleged onset date to December 30, 2011. When her claim was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ found plaintiff not disabled and the Appeals Council denied plaintiff's request for review, making the ALJ's determination the Commissioner's final

decision. Plaintiff then filed this challenge to the benefit denial.

Plaintiff initially objects to the Report and Recommendation by "incorporat[ing] by reference herein, all of the arguments [s]he made in her Brief in Chief." Doc. #29, p. 1. That general statement, without more, is insufficient to preserve an issue for this court's consideration. *See* Collins v. Colvin, 640 Fed. Appx. 698, 700 (10th Cir. 2016) (quoting an identical statement, the appellate court stated it "disfavor[s] briefing by incorporation, and [that] such a broad statement is not sufficiently specific to preserve any arguments for review.") (citation omitted). She then objects only to the magistrate judge's determination that the ALJ did not err by using the term "in relative isolation" in her residual functional capacity assessment.

Plaintiff essentially disagrees with the magistrate judge's determination that "the ALJ sufficiently defined 'in relative isolation' as 'limited contact with coworkers and the general public.'" Report and Recommendation, Doc. #26, p. 5 (quoting administrative record, p. 20). However, the court, having considered *de novo* plaintiff's objection, is persuaded by the magistrate's analysis and her conclusion. Plaintiff has not shown that Magistrate Judge Mitchell erred by rejecting plaintiff's argument regarding the ALJ's use of the term "in relative isolation."

Accordingly, the court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 17th day of October, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE